### VEVE *v.* EL MUNICIPIO DE FAJARDO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 823.—Resuelto en junio 29, 1912.

COSTAS —HONORARIOS DE ABOGADOS—PRECEPTOS IMPERATIVOS.—El artículo 327 del Código de Enjuiciamiento Civil, según ha quedado enmendado por ley de marzo 12, 1908, contiene el precepto imperativo de que en todos los casos en que en un pleito o procedimiento se conceden las costas a una parte, si la materia litigiosa excede de $500, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios.

ID.—CUANTÍA DE LA MATERIA LITIGIOSA—INJUNCTION.—Para que la parte victoriosa pueda tener derecho a cobrar de la contraria los honorarios del abogado, es necesario que el interés del pleito sea cierto, determinado, o tasable, y que pueda fijarse el valor de la cosa litigiosa, no pudiendo cobrarse honorarios de abogados, como parte de las costas, cuando el valor de la materia en litigio sea indeterminado o no pueda tasarse.

ID.—INJUNCTION—HONORARIOS DE ABOGADOS.—De acuerdo con la doctrina sentada en el párrafo anterior, cuando como en el caso de autos, no es posible apreciar si la materia litigiosa excede o no de $500, no pueden cobrarse honorarios de abogados como parte de las costas, aun cuando el valor de los terrenos a que se refiere el *injunction* sea de $2,000, pues ese hecho no quiere decir necesariamente que el derecho reclamado por la demanda de *injunction* exceda de $500.

ID.—COSTAS—INTERPRETACIÓN DE LEY.—Las leyes relativas a costas no deben ser interpretadas extensivamente o más allá de su sentido literal, sino que hay que interpretarlas estrictamente.

ID.—DESEMBOLSOS DEL PLEITO—HONORARIOS DE ABOGADOS.—Los artículos 327 y 339 del Código de Enjuiciamiento Civil enmendados por ley de marzo 12, 1908, hacen referencia a costas, desembolsos y honorarios de abogados, y por consiguiente debe tenerse en cuenta esa distinción, sin que los desembolsos y honorarios de abogados puedan estar comprendidos en el concepto de costas.

Id.—Significación de la Palabra ''Costas.''—En el concepto de costas están comprendidos los derechos y las indemnizaciones que consisten en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos, o aranceles.

Id.—Desembolsos—Su Significación.—Se entiende por desembolso los gastos del pleito que no están incluídos dentro del concepto de costas, definido en el párrafo anterior, o sean las indemnizaciones y derechos que no consisten en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos, o aranceles.

Id.—Honorarios de Abogados.—En la denominación de honorarios de abogados está comprendida la remuneración de los servicios profesionales de un abogado.

Id.—Interpretación de una Sentencia Relativa a Costas.—La sentencia que condena únicamente al pago de costas, sólo se refiere a costas, y no a desembolsos y honorarios de abogados, pues las sentencias relativas a costas, lo mismo que las leyes sobre costas, deben interpretarse estrictamente.

Id.—Sentencia Condenando al Pago de Costas—Honorarios de Abogados.— Tanto los honorarios de abogados como los desembolsos, únicamente son exigibles cuando en la sentencia que condena al pago de costas, se condena expresamente al pago de honorarios de abogados y desembolsos, y cuando en una sentencia sólo se condena al pago de costas, no pueden reclamarse honorarios de abogados ni desembolsos como parte de las costas.

Id.—Juez que Puede Condenar al Pago de Honorarios de Abogados y Desembolsos.—Unicamente el juez que conoce de una acción o procedimiento tiene facultades para condenar al pago de honorarios de abogados y desembolsos, careciendo de esa facultad el juez que sustituya al que dictó sentencia.

Id.—Impugnación del Memorandum de Costas—Discusión del Derecho a Cobrarlas.—El derecho a cobrar costas, desembolsos y honorarios de abogados sólo puede discutirse en la apelación contra una sentencia, pero no en la impugnación del *memorandum* de costas, desembolsos, u honorarios de abogados, en cuyo procedimiento sólo puede discutirse su cuantía por ser excesiva o indebida.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Rafael M. Cuevas Zequeira.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de Humacao presentó demanda de *injunction* con fecha 20 de diciembre del año 1910, Don Santiago Veve contra el municipio de Fajardo, representado por su alcalde entonces Don Luis Celis Alquier, para que se expidiera contra el demandado una orden de *injunction* preliminar ordenándole se abstuviera en lo sucesivo, y hasta que otra resolución se dictara, de conceder permiso, autorización, licencia u otra cosa por el estilo a favor

de ninguna persona, para hacer alguna casa o edificio dentro del terreno descrito en la demanda, ni para reconstruir, arreglar o remendar ninguna casa que ya exista construída dentro de ese mismo terreno, con las costas a la parte demandada.

El terreno a que se refiere la demanda comprende siete cuerdas con treinta y cinco céntimos de otra y radica. en el sitio denominado Hatillo, barrio Florencia de Fajardo, estando atravesado de este a oeste por la calle de dicho pueblo llamada Cementerio, y lo adquirió el demandante de Don Enrique Bird por escritura pública de 4 de agosto de 1910 y precio de dos mil dollars.

En 3 de enero de 1911, día señalado para la vista de la demanda de *injunction* tuvo lugar la celebración del acto con asistencia de ambas partes ante el juez, Don Enrique Lloreda, y por el mérito de las alegaciones, de las pruebas admitidas y de los informes de los abogados, dicho juez dictó resolución definitiva el 3 de febrero siguiente, por la que estimó que la naturaleza del caso requería la confirmación del *injunction* decretado en los mismos términos en que había sido solicitado, con las costas a la parte opositora.

Siete días después el demandante presentó, debidamente jurado, el siguiente:

MEMORANDUM DE COSTAS Y HONORARIOS.

| | |
|---|---:|
| 20 de diciembre, 1910. Por la demanda de *injunction* asistencia a la corte para pedir la orden de *injunction* con viaje a Humacao y demás diligencias_____ | $200 |
| Depósito en la corte para gastos judiciales_____ | 10 |
| 2 viajes en automóvil ida y vuelta a Humacao por Fajardo desde San Juan, para el abogado y los testigos, el día 20 de diciembre, y el 3 de enero\_ | 100 |
| Preparación de la prueba y asistencia a la vista del *injunction* el 3 de enero, 1911, con viaje a Humacao por un día y medio_____ | 300 |
| Al frente_____ | $610 |

| | |
|---|---:|
| Del frente | $610 |
| Coche para el márshal de Fajardo a Humacao, para cumplimentar la orden de *injunction* | 10 |
| Gastos de testigos | 15 |
| Al notario para los juramentos de los affidavits | 2 |
| Total | $637 |

La parte demandada estableció impugnación a dicho memorandum por el fundamento de que la parte demandante no tenía derecho a costas, aunque la sentencia dictada en el procedimiento haya sido a su favor, pues tal procedimiento no fué entablado en reclamación de cosa litigiosa, cuya cuantía pudiera determinarse y estimarse en más de 500 dollars, de acuerdo con la ley de la Asamblea Legislativa aprobada en marzo 12 de 1908; pero que si no se aceptara como bueno el fundamento alegado para la impugnación, las costas reclamadas serían impugnadas por excesivas.

La representación de Don Santiago Veve sostuvo la procedencia del memorandum impugnado, alegando que sus partidas eran justas, razonables y equitativas y que la cuantía de la cosa litigiosa excedía de 500 dollars, pues el terreno a que se contrae el *injunction* valía 2,000 dollars cuando lo adquirió Veve y las cuestiones debatidas en el caso revestían gran importancia.

La corte dictó resolución en 1 de noviembre de 1911, *autorizada por el Juez J. A. López Acosta*, aceptando del memorandum presentado las partidas 2ª., 4ª. y 5ª. del mismo o sean la de depósito en la corte para gastos judiciales, la de coche al márshal para cumplimentar la orden de *injunction* y la de gastos de testigos, cuyas partidas dan el total de 35 dollars.

Esa orden está sometida a nuestra consideración a virtud de recurso de apelación interpuesto por la representación de Don Santiago Veve, y la estimamos ajustada a derecho, atendidos los preceptos legales aplicables al caso.

Los artículos 327 y 339 del Código de Enjuiciamiento Civil según han quedado enmendados por ley de 12 de marzo

de 1908 y que han de servirnos de guía para la resolución del presente recurso dicen así:

"Artículo 327.—Las partes en pleitos o procedimientos tendrán derecho a las costas y desembolsos que en ellos se les hayan irrogado, con sujeción a las reglas que más adelante se establecen. En todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de $500, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios. *Disponiéndose,* que nada de lo contenido en esta sección podrá entenderse en el sentido de permitir que los honorarios de abogados se incluyan en las costas impuestas contra un demandado que no hubiere comparecido en el pleito o procedimiento, y *disponiéndose, además,* que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad, si la hubiere, de la parte condenada por la sentencia.

"Art. 339.—Las costas se reclamarán por la parte a la que hayan sido concedidas, entregando al secretario de la corte, dentro de los diez días siguientes al en que se haya hecho firme la sentencia, o decisión que haya puesto fin al asunto, un memorandum de dichas costas, de los desembolsos necesarios hechos en el pleito por el reclamante y del montante de la minuta de honorarios de su letrado. La veracidad de ese memorandum deberá ser jurada por la parte o su abogado.

"A la parte condenada al pago deberá servírsele una copia de dicho memorandum por la que lo presente, pudiendo aquélla impugnar todas o cualquiera de sus partidas dentro de los diez días siguientes al en que se le haya entregado su copia. En caso de impugnación, la parte contraria, dentro de los cinco días siguientes al en que se le haya entregado la copia de aquella, podrá contestarla. La corte señalará día para la vista del asunto y celebrada ésta, practicándose en el acto las pruebas pertinentes que las partes propongan, dictará su resolución.

"Si se hubiesen impugnado los honorarios de un abogado por excesivos, la corte, al resolver la impugnación, si la declara con lugar fijará la ascendencia de aquellos que deben ser pagados  *  *  *."

Como se ve es precepto imperativo contenido en el artículo 327, que en todos los casos en que en un pleito o procedimiento se concedan las costas a una parte, si la materia litigiosa excede de 500 dollars, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honora-

rios que haya devengado el abogado de la primera por sus servicios.

Las costas han sido concedidas a la parte demandante; pero por esa sola razón no tiene derecho a cobrar de la contraria los honorarios del abogado, pues en el presente caso no nos es dado apreciar si la materia litigiosa excede o no de 500 dollars. Ciertamente que el valor de los terrenos a que se refiere el *injunction* excede de dicha suma, pues el demandante los adquirió de Don Enrique Bird por escritura pública de 4 de agosto de 1910 y precio de dos mil dollars; pero ese hecho no nos lleva necesariamente a la conclusión de que el derecho reclamado por la demanda de *injunction* exceda igualmente de dicha suma. Al establecer la ley el precepto de que dejamos hecho mérito supone que ha de ser cierto y determinado o tasable el interés del pleito y que ha de poder fijarse el valor de la cosa litigiosa. Cuando el valor sea indeterminado o no pueda tasarse, no hay términos hábiles para que se dé aplicación al precepto legal expresado. Y no cabe argüir que si la cuantía de los terrenos a que afecta el *injunction* excede de 500 dollars, se encuentra en igual condición el *injunction*, pues la letra de la ley no autoriza semejante deducción, y las leyes que conceden costas no deben ser interpretadas extensivamente o más allá de su sentido literal, sino que hay que interpretarlas estrictamente, como así lo dijimos al resolver en 17 de enero de 1910 el caso de *González* v. *Gromer,* (16 D. P. R., 1) y el de *Modesto et al.* v. *Sucesión Dubois,* (16 D. P. R., 745).

Pero admitamos en mera hipótesis, que la cuantía del *injunction* de que se trata excede de 500 dollars. Bajo ese supuesto opinamos que las partidas del memorandum de costas relativas a honorarios del abogado de la parte demandante han sido bien excluídas de dicho memorandum por la orden recurrida, encontrándose en igual caso la partida de 100 dollars por los viajes de ida y vuelta en automóvil para el abogado y los testigos, y la última partida de dos dollars al notario por los juramentos de los *affidavits.* El deman-

dado fué condenado en costas, y los desembolsos hechos en el procedimiento por el demandante y los honorarios de su abogado no son costas.

Los artículos 327 y 339 que dejamos transcritos hacen referencia a costas desembolsos y honorarios de abogados y por tanto, nosotros debemos aceptar esta misma distinción, sin que podamos comprender en el concepto de costas, desembolsos y honorarios.

La distinción entre costas y desembolsos la encontramos ya establecida en la ley 8ª., título 22, partida 3ª., al ordenar que "los que maliciosamente, sabiendo que no han derecho en la cosa que demandan, mueven a sus contendores pleitos sobre ella, trayéndolos a juicio et faciéndoles facer grandes costas et misiones, es guisado que non sean sin pena, porque los otros se rezelen de lo facer."

Bajo el concepto de costas vienen comprendidos los derechos y las indemnizaciones que consistan en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles, entendiéndose por desembolsos los demás gastos del juicio, o sean las indemnizaciones y derechos, que no estén comprendidos en el concepto expresado. Bajo la denominación de honorarios de abogados viene comprendida la remuneración de sus servicios profesionales.

Si como dejamos establecido, costas, desembolsos y honorarios de abogados entrañan conceptos distintos, la sentencia que condena al pago de costas sólo se refiere a costas y no a desembolsos y honorarios de abogados, pues si como hemos dicho antes las leyes referentes a costas deben interpretarse estrictamente, estrictamente también debe interpretarse *a pari sensu* una sentencia que condena al pago de costas.

Y no se diga que al establecer el artículo 327 que en todos los casos en que se concedan las costas a una parte, tendrá ésta el derecho de que se le abone por la parte condenada el importe de los honorarios que haya devengado el abogado de la primera por sus servicios, estableció *ipso facto* que toda condena de costas incluye necesariamente los honora-

rios del abogado, por más que no se exprese en la sentencia. Nó podemos aceptar tal interpretación, pues entendemos que aunque la ley en el precepto indicado ha querido reconocer el derecho del litigante, a que en el caso de que se le concedan las costas se le abone por la parte condenada el importe de los honorarios devengados por su abogado, ese derecho debe ser declarado en la sentencia condenando expresamente al pago de honorarios, como así se desprende del precepto que el artículo 327 contiene, relativo a que nada de lo contenido en dicho artículo podrá entenderse en el sentido de permitir que los honorarios de abogados *se incluyan en las costas impuestas* contra un demandado que no hubiere comparecido en el pleito o procedimiento, y a que los honorarios y costas *serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento,* teniendo en cuenta el grado de culpabilidad si la hubiere, de la parte condenada por la sentencia.

Tenemos pues, que los honorarios de abogados sólo pueden ser exigibles cuando su reembolso se ordene expresamente en la sentencia por el juez que ha entendido en el juicio o procedimiento, y lo mismo decimos de los desembolsos. En el presente caso sólo el Juez Lloreda, que conoció del procedimiento de *injunction* pudo hacer tal pronunciamiento y no lo hizo. El Juez López Acosta hubiera carecido de facultades para hacerlo.

En la impugnación del memorandum de costas, desembolsos y honorarios podrá discutirse nó el derecho a cobrar las cantidades que dichos conceptos entrañan, cuyo derecho habrá sido declarado por sentencia, sino la extensión de ese derecho, bien por ser excesivos los honorarios, bien por tratarse de partidas de costas y de desembolsos indebidas o excesivas.

La orden apelada debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.