José Vázquez, recurrente, *v.* Comisión Industrial de Puerto Rico, Etc., demandada, y Jacinto Caquías, obrero lesionado.

Núm. 174.—*Sometido:* Noviembre 6, 1939. *Resuelto:* Noviembre 30, 1939.

*Virgilio Brunet* y *Miguel A. Casiano*, abogados del recurrente; *M. León Parra*, abogado de la demandada; *Frank Torres*, abogado del obrero.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El obrero Jacinto Caquías sufrió ciertas lesiones mientras trabajaba para el patrono José Vázquez. La Comisión Industrial de Puerto Rico, al considerar a José Vázquez patrono no asegurado, determinó la compensación en $288, que con las dietas y gastos ascendió a la suma de $724.10. Por resolución de 19 de mayo último, la Comisión ordenó que el patrono debía pagar al obrero, en adición a los $724.10, la cantidad de $200 por concepto de honorarios de abogado. Por otra resolución de 15 de junio siguiente redujo a $190 la partida de honorarios de abogado, considerando que este tribunal ya había concedido al abogado del obrero la cantidad de $10 por los servicios prestados por él en esta corte.

No conforme el patrono con la condena de honorarios de abogado, recurrió para ante este tribunal, basando su recurso en que la Comisión Industrial de Puerto Rico carece de jurisdicción para imponer al patrono, *aunque sea no asegurado,* la obligación de pagar los honorarios del abogado del obrero o sus beneficiarios.

Ninguna de las partes ha presentado alegato en apoyo de sus respectivas contenciones; pero una cuestión similar fué resuelta por nosotros el 13 de junio último en el caso de *Montaner, Administrador,* v. *Comisión Industrial,* 55 D. P.R. 91. En dicho caso el Administrador del Fondo del Estado había interpuesto recurso de revisión contra una resolución de la Comisión Industrial que concedió compensación a favor de los beneficiarios del obrero Miguel Parque, y al confirmarse la resolución recurrida, el abogado de éstos solicitó de este tribunal que se fijasen sus honorarios y que una vez determinados, se ordenase que fuesen pagados por el Fondo del Estado y no con cargo a la compensación concedida a los beneficiarios del obrero.

Resolviendo la cuestión dijimos entonces:

"A falta de una ley que lo autorice, los tribunales no tienen facultades para hacer pronunciamiento de costas. En otras palabras, el pronunciamiento de costas no es un poder inherente de los tribunales. 7 R.C.L. 781. Tampoco pueden incluirse en un memorándum de costas los honorarios de abogado en defecto de una ley que así lo autorice. 7 R.C.L. 792. Por consiguiente, para determinar si el peticionario tiene derecho a que tales honorarios los pague el Fondo del Estado, precisa recurrir a la Ley núm. 45 de 1935, supra, única que puede darnos luz alguna sobre esta cuestión.

"Las disposiciones de dicha ley que tienen pertinencia a la cuestión en controversia, son los artículos 11 y 35, que literalmente dicen así:

" 'Artículo 11.—Cualquier parte interesada podrá presentar copias certificadas de una orden o decisión de la Comisión Industrial, de acuerdo con esta Ley, contra la cual se haya radicado petición de revisión y haya recaído resolución de ésta, de la que podrá solicitarse revisión ante la Corte Suprema de Puerto Rico dentro del término de quince (15) días después de su notificación; *Disposién-*

*dose,* que dicha revisión solamente podrá concederse sobre cuestiones de derecho.

" 'Ninguna de las partes incurrirá en costas de clase alguna en la tramitación de los recursos establecidos por esta Ley.

" 'Artículo 35.—Los obreros o empleados no necesitarán comparecer asistidos de abogados ante el Administrador del Fondo del Estado o ante la Comisión Industrial para la gestión, liquidación o resolución de sus casos, pero si decidieren obtener los servicios de alguno para la mejor dirección y defensa de sus casos, la Comisión Industrial fijará el tanto por ciento que deba pagársele al abogado en la gestión de una reclamación en favor del empleado u obrero o sus herederos o beneficiarios, de acuerdo con las disposiciones de esta Ley.

" 'En tales casos la Comisión Industrial fijará, *con cargo a la compensación que se conceda,* el tanto por ciento que deba corresponder al abogado como honorarios. No se permitirá bajo ninguna circunstancia la comparecencia de agentes u otras personas en ningún caso en reclamación ante la Comisión Industrial a menos que se trate de un menor o incapacitado en el cual caso la persona que represente al menor o incapacitado no podrá cobrar suma alguna ni recibir remuneración alguna de ninguna índole por representar o ayudar en su reclamación de compensación al interesado.

" 'En los casos que sean objeto de revisión ante las cortes y en los de *mandamus* autorizados por esta Ley y en que se utilicen los servicios de un abogado, *la Corte ante la cual se vea el caso fijará los honorarios que equitativamente debe recibir el abogado.'* (Bastardillas nuestras.)

"Ninguna de las dos disposiciones legales transcritas autoriza a este tribunal para imponer al Fondo del Estado el pago de los honorarios del abogado del obrero o de sus herederos o beneficiarios, y ya hemos visto que a falta de un estatuto que lo autorice, los tribunales carecen de facultad para condenar a la parte perdidosa al pago de honorarios de abogado. Por el contrario, el artículo 11, supra, dispone que *'ninguna de las partes incurrirá en costas de clase alguna en la tramitación de los recursos establecidos por esta Ley.'* Un pronunciamiento de honorarios de abogado a favor del obrero o sus beneficiarios con cargo al Fondo del Estado estaría en contravención al precepto legislativo que dispone que ninguna de las partes incurrirá en costas en la tramitación de los recursos establecidos por la ley. Por el contrario, al autorizar el artículo 35 a la Comisión Industrial para fijar los honorarios del abogado del obrero o sus herederos o beneficiarios, y disponer que sean pagados

*con cargo a la compensación que se conceda,* nos da la pauta a seguir en cuanto a los honorarios que fije este tribunal, pues no existiendo razón alguna que justifique establecer distinción en cuanto a la fuente de donde deben pagarse tales honorarios, debemos seguir el criterio establecido para la Comisión Industrial, es decir, que dichos honorarios se paguen con cargo a la compensación que se conceda al obrero o sus beneficiarios, pues donde existe la misma razón debe aplicarse la misma ley. Por consiguiente, resolvemos que los honorarios del abogado del obrero, sus herederos o beneficiarios deberán pagarse en todo caso con cargo a la compensación que se les haya concedido.''

Existe una diferencia entre el caso citado y el que nos ocupa, y es que en éste se trata de un procedimiento contra un patrono no asegurado, mientras que en aquél el patrono estaba asegurado y la compensación debía pagarla el Fondo del Seguro del Estado. Ya hemos visto que en defecto de un estatuto que lo autorice, los tribunales carecen de jurisdicción para hacer un pronunciamiento de honorarios de abogado contra la parte perjudicada por la sentencia, y hemos visto también que el artículo 35 de la ley en cuestión, que es un precepto de carácter general y que bajo el título ''Abogados o Agentes'' regula el pago de honorarios, expresamente dispone que los honorarios del abogado del obrero o sus beneficiarios serán pagados *''con cargo a la compensación que se conceda.''*

Veamos ahora si el artículo 15, regulador del procedimiento contra patronos no asegurados, anterior en orden cronológico al 35, contiene alguna disposición especial que excluya el caso del patrono no asegurado de la regla general establecida en dicho artículo 35. El artículo 15, en lo pertinente, dice así:

''Artículo 15. En el caso de que ocurriese un accidente a un obrero o empleado cuando trabajare para un patrono que en violación de la ley no estuviere asegurado, el Administrador del Fondo del Estado determinará la compensación que proceda *más los gastos en el caso* y certificará su decisión al Tesorero de Puerto Rico, *quien cobrará al patrono dicha compensación y gastos,....Disponiéndose, además,* que la Comisión dará, tanto al patrono como al obrero o

empleado, en el caso, oportunidad de ser oídos y defenderse, ajustándose en lo posible a las prácticas observadas en las cortes de distrito; *y disponiéndose también,* que, citadas las partes por el medio que la Comisión adopte, si éstas o cualquiera de ellas no concurriesen para ser oídas y defenderse, se entenderá que éstas renuncian a su derecho, y la Comisión podrá fallar el caso en rebeldía sin más demora.

"Si cualquier patrono que emplee cuatro (4) o más obreros o empleados dejare de asegurar el pago de compensaciones por accidentes del trabajo de acuerdo con esta Ley, cualquier obrero perjudicado o sus beneficiarios pueden proceder contra tal patrono radicando una petición para compensación ante la Comisión Industrial, y además, pueden ejercitar una acción contra el patrono por daños y perjuicios, lo mismo que si esta Ley no fuera aplicable, y tendrán derecho en tal acción, sin prestar fianza, a embargar la propiedad del patrono por el montante que determinare la corte para asegurar el pago de la decisión que recayere, siempre que la corte estime que hay una justa causa de acción después del examen de la demanda, la cual deberá ser jurada. Tal embargo *incluirá honorarios de abogado, que serán fijados por la corte,* y el embargo se mantendrá hasta que el caso haya sido fallado y satisfecho el importe de la sentencia. Si como resultado de tal acción por daños y perjuicios recayere un fallo contra el patrono, en exceso de la compensación fijada por esta Ley, la compensación fijada, si fuere pagada o si fuere garantizada con garantía aprobada por la corte, se deducirá del fallo."

El precepto transcrito sólo autoriza al Administrador y a la Comisión, en el procedimiento ante ellos, a determinar *"la compensación que proceda, más los gastos en el caso"* *(shall determine the proper compensation plus the expenses of the case),* y en cambio, al recurrir a la corte el obrero, de acuerdo con dicho artículo 15, se ordena al tribunal que fije e incluya *honorarios de abogado (attorney's fees).* Si hubiera sido la intención del legislador que el patrono no asegurado pagase los honorarios del abogado del obrero en el procedimiento cuasi judicial ante la Comisión, fácil le hubiera sido expresarlo así, como lo hizo cuando lo ordenó en el procedimiento judicial.

No puede argüirse que la frase *"gastos" (expenses)* incluye *"honorarios de abogado",* pues tanto en la Ley

Común que impera en los Estados Unidos como en nuestro Derecho, las palabras "costas" (*costs*), "gastos o desembolsos" (*expenses or disbursements*), y "honorarios de abogado" (*attorney's fees*), expresan tres conceptos distintos.

En el caso de *Rivera* v. *Gerardino,* 53 D.P.R. 107, 112, se cita con aprobación de *Veve* v. *Municipio de Fajardo,* 18 D.P.R. 764, 770:

"Los artículos 327 y 339 que dejamos transcritos hacen referencia a costas, desembolsos y honorarios de abogados y por tanto, nosotros debemos aceptar esta misma distinción, sin que podamos comprender en el concepto de costas, desembolsos y honorarios.

" . . . . . . . .

"*Bajo el concepto de costas* vienen comprendidos los derechos y las indemnizaciones que consistan en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles, *entendiéndose por desembolsos* los demás gastos del juicio, o sean las indemnizaciones y derechos, que no estén comprendidos en el concepto expresado. *Bajo la denominación de honorarios de abogado* viene comprendida la remuneración de sus servicios profesionales."

En los casos de *Swartzel* v. *Rogers,* 3 Kan. 380, 382, y *Ball* v. *Vason,* 50 Ga. 254, se sostiene que la frase "*costs and expenses*" no incluye honorarios de abogado.

En el mismo caso de *Rivera* v. *Gerardino,* supra, se cita de Corpus Juris:

"Las costas son cierta concesión autorizada por el estatuto para reembolsar a la parte victoriosa los gastos incurridos en la prosecución o defensa de un recurso o procedimiento especial.

" . . . . . . . .

"Las palabras 'honorarios' y 'costas' son usadas con frecuencia indistintamente como si tuvieran el mismo significado. No obstante costas y honorarios son esencialmente distintos. Las primeras son una concesión hecha a una de las partes por los gastos incurridos en la prosecución o defensa de un litigio—un incidente de la sentencia; mientras que los últimos son una compensación a los funcionarios públicos por los servicios prestados a individuos, en el desarrollo de la causa." (15 Corpus Juris, págs. 19 y 20.)

A nuestro juicio, la Comisión Industrial, de acuerdo con los artículos 11, 15 y 35 de la Ley de Compensaciones por Accidentes del Trabajo, carece de jurisdicción para condenar al patrono no asegurado a pagar los honorarios del abogado del obrero lesionado o sus beneficiarios.

Por consiguiente, *procede revocar las resoluciones de la Comisión Industrial de 19 de mayo y 15 de junio últimos, en tanto en cuanto condenan al recurrente a pagar los honorarios fijados al abogado del obrero lesionado, devolviéndose el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Sr. Travieso no intervino.