VALENTÍN POLANCO DE JESÚS, demandante y apelante, *v.* SANTIAGO RUIZ LÓPEZ, demandados y apelados.

Núm.: 8319.—*Sometido:* Marzo 13, 1942. *Resuelto:* Marzo 27, 1942.

*Luis Mercader,* abogado del apelante; *Juan B. Soto* y *Enrique Igaravídez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En el caso número 15687 de la Corte de Distrito de Arecibo, se dictó sentencia el día 3 de diciembre de 1936, por la que declaró con lugar la primera causa de acción alegada en la demanda y sin lugar la segunda, tercera y cuarta causas de acción, sin imponer costas a ninguna de las partes. Apelada dicha sentencia para ante esta Corte, se revocó la misma en tanto en cuanto por ella se habían declarado sin lugar las causas de acción mencionadas y se impusieron las costas al demandado Santiago Ruiz López, y se confirmó en cuanto a sus demás extremos. Véase *Polanco* v. *Ruiz,* 55 D.P.R. 785.

Enviado el mandato a la corte inferior, los demandantes radicaron un memorándum de costas en el cual incluyeron una partida de $1,000 como honorarios de abogado, que fué impugnada por el demandado, y celebrada la vista correspondiente, la corte inferior dictó una resolución el 20 de febrero de 1940 por la que aprobó dicho memorándum excluyendo dicha partida de $1,000 para honorarios de abogado. De esta resolución apelan los demandantes para ante este Tribunal, imputando a la corte inferior dos errores, al declarar que cuando dictó su sentencia el 3 de diciembre de 1936, para que cada parte pagara sus costas, los demandantes aquí apelantes debieron pedir que se les concediera honorarios de abogado, y al negar los $1,000 de honorarios de abogado a los demandantes porque el fallo de este Tribunal de 23 de diciembre de 1939 sólo concedió costas.

Los fundamentos que tuvo la corte inferior para denegar la partida de honorarios de abogado aparecen de su resolución expuestos en la siguiente forma:

"El fallo de esta corte se rindió en 3 de diciembre de 1936, cuando ya estaba vigente la ley número 69 de 11 de mayo de 1936. Como hacíamos declaraciones en nuestra sentencia a favor y en contra de la parte demandante, dispusimos en nuestra sentencia que cada parte pagase sus costas.

"El caso fué al Tribunal Supremo y se dictó una nueva sentencia modificando la nuestra en tal forma que se concedió al demandante todo lo que había pedido en su demanda, y se condenó al demandado al pago de costas solamente.

"Cuando se dictó nuestra sentencia la parte demandante no pidió reconsideración alguna en cuanto a que no se le concedieron costas; es decir, que las costas se han impuesto por primera vez en el Tribunal Supremo al resolverse la apelación en 23 de diciembre de 1939.

"En la sentencia del Tribunal Supremo no se condena al demandado a pagar honorarios de abogado. De acuerdo con la ley de 1936, que estaba vigente cuando se dictó nuestra sentencia y cuando se dictó la sentencia del Tribunal Supremo, la imposición de honorarios de abogado tiene que hacerse en forma expresa, especificando la cuantía. No podemos agregar nada a la sentencia de la Corte Su-

prema, y por tanto, el único memorándum que podemos considerar tiene que referirse a costas solamente, y no a honorarios de abogado.

"Quizás hubiese sido otra la situación si la sentencia de esta corte se hubiese dictado de acuerdo con la ley de 1934, pero ambas sentencias fueron dictadas, como hemos dicho antes, estando vigente la ley actual de 1936.

"El demandante cita el caso de *Mason* v. *White Star Line*, 53 D.P.R. 337, 343, pero eso se refiere a un pleito en que la sentencia de la corte original fué dictada cuando regía la ley anterior, y la sentencia del Tribunal Supremo se dictó después que empezó a regir la ley de 1936.

"Además, en el caso reciente de *Vázquez* v. *Comisión Industrial*, resuelto por el Tribunal Supremo en 30 de noviembre de 1939 (55 D.P.R. 719), se sienta la doctrina de que honorarios y costas no tienen el mismo significado y que bajo el concepto de costas vienen comprendidos los derechos y las indemnizaciones que consisten en cantidades fijas determinadas por leyes, reglamentos y aranceles, mientras que los honorarios de abogado comprenden la remuneración de servicios profesionales."

En el caso de *Mason* v. *White Star Bus Line*, 53 D.P.R. 337, 343, citado por la corte inferior en su resolución, se hizo un estudio bien comprensivo del alcance que tuvo la enmienda hecha a los artículos 327 y 339 del Código de Enjuiciamiento Civil, llegándose a la siguiente conclusión:

"Por estos fundamentos opinamos que los citados artículos tal y como fueron enmendados por la Ley 69 de 1936 no tienen efecto retroactivo y, por consiguiente, no son de aplicación a litigios como éste, en que con anterioridad a la vigencia de dichos preceptos legales se había dictado el pronunciamiento de costas bajo el imperio de la ley anterior."

En el caso de autos, sin embargo, tanto la sentencia de la corte inferior como la de esta Corte en apelación, fueron dictadas estando ya vigentes las enmiendas a los artículos referidos.

Dada la forma en que la corte inferior dictó la sentencia declarando en parte con lugar la demanda únicamente, fué que determinó que cada parte pagara sus costas. Al revocarse dicha sentencia por esta Corte en la parte adversa a los

demandantes, se hizo el pronunciamiento expreso de que el demandado Ruiz pagaría las costas, pero no se hizo pronunciamiento alguno imponiendo al demandado la obligación de pagar los honorarios de abogado.

No habiéndose incluído en la sentencia dictada por esta Corte cantidad alguna en concepto de honorarios de abogado de los demandantes, somos de opinión que la corte inferior no erró al excluir del memorándum de costas la partida que por dicho concepto incluyeron los demandantes. Si los demandantes creyeron que tenían derecho a una suma razonable en concepto de honorarios de abogado de acuerdo con la sentencia dictada por el Tribunal Supremo, fué ante este propio Tribunal que debieron haber acudido solicitando la reconsideración de la sentencia a dicho efecto.

*Se desestima el recurso y confirma la resolución apelada.*