EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>Recurrido<br><br>v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries Puerto Rico, LLC<br><br>Recurridos | Certiorari<br><br>2023 TSPR 121<br><br>213 DPR \_\_\_ |

Número del Caso: CC-2022-0764

Fecha: 3 de octubre de 2023

Tribunal de Apelaciones:

    Panel Especial

Abogados de la parte peticionaria:

    Lcdo. Hermán G. Colberg Guerra
    Lcda. María D. Bertólez-Elvira
    Lcda. Liz Arelis Cruz Maisonave

Abogados de los recurridos:

    Lcdo. Enrique Pérez-Ochoa
    Lcda. Alexandra Casillas-Cabrera
    Lcda. Glorimar Irene Abel

Materia: Ley de Alianzas Público-Privadas – Gastos a ser sufragados en el contexto de una revisión judicial al amparo de la ley especial no incluyen el pago de honorarios de abogado.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>Recurrido<br><br>v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries Puerto Rico, LLC<br><br>Recurridos | CC-2022-764 | *Certiorari* |

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 3 de octubre de 2023.

Nos corresponde resolver si el Tribunal de Apelaciones erró al declarar no ha lugar un *Memorando de costas* presentado por la Autoridad de Alianzas Público-Privadas de Puerto Rico (AAPP o peticionaria) en cuanto a unos gastos de honorarios de abogado y mensajería. Específicamente, debemos aclarar: (1) cuáles son las costas que sufragará la parte perdidosa tras un proceso de revisión judicial al amparo del Art. 20(f) de la Ley Núm. 29-2009, según enmendada, conocida como *Ley de Alianzas Público-Privadas* (Ley de APP), 27 LPRA sec. 2619, y (2) si la parte

prevaleciente puede reclamar honorarios de abogado sin que el foro apelativo intermedio haya hecho una determinación de temeridad en contra de la parte perdidosa.

Por los fundamentos que discutiremos, confirmamos la determinación recurrida y resolvemos que los gastos a ser sufragados, en el contexto de una revisión judicial al amparo de la Ley de APP, no incluyen el pago de honorarios de abogado.

I

La controversia que debemos atender en el presente caso es secuela de la *Opinión* que emitimos el 4 de agosto de 2022 en PR Fast Ferries *et al*. v. AAPP, 210 DPR 332 (2022). En aquella ocasión resolvimos que el Tribunal de Apelaciones es el foro con jurisdicción para adjudicar un memorando de costas presentado por la peticionaria, en virtud de la Ley de APP, 27 LPRA sec. 2601 *et seq*. A tales efectos, ordenamos al foro apelativo intermedio evaluar los méritos de los argumentos planteados por las partes respecto a cuáles partidas constituyen el "pago de honorarios" que establece el Art. 20(f) de la Ley de APP, *supra*, y, una vez definido su alcance, declarar ha lugar el memorando de costas.

Según surge del tracto fáctico, la AAPP interpuso ante el foro apelativo intermedio un memorando de costas para recobrar de Puerto Rico Fast Ferries (PRFF o recurrida) ciertos gastos incurridos por haberse revisado judicialmente un *Aviso de adjudicación* emitido el 2 de noviembre de 2020. Las partidas reclamadas por la tramitación del pleito

fueron: (1) $109.00 por gastos de fotocopias; (2) $36.00 por gastos de mensajería, y (3) $20,119.73 por honorarios de abogado.

Por su parte, la recurrida argumentó que, a pesar de que el Art. 20(f) de la Ley de APP, *supra*, dispone para el pago de honorarios, de su texto se desprende que lo que se regulan son los gastos incurridos por la parte prevaleciente durante el proceso de revisión judicial. En ese sentido, la PRFF planteó que la concesión de los gastos no incluye el pago de honorarios de abogado, pues para ello hace falta una determinación de temeridad. Asimismo, razonó que la imposición del pago de honorarios de abogado representaría un obstáculo para valerse del mecanismo de revisión judicial a su disposición y, además, una violación al debido proceso de ley por constituir un disuasivo. De esta forma, sostuvo que la Ley de APP no autoriza la concesión irrestricta de honorarios de abogado a la parte prevaleciente. Por último, expuso que los gastos de mensajería no son reembolsables como costas.

En respuesta al escrito presentado por la PRFF, la AAPP adujo que el Art. 20(f) de la Ley de APP, *supra*, expresamente dispone para el pago de honorarios de abogado. Planteó, además, que según las Reglas 34.4 y 44.1 de Procedimiento Civil, 32 LPRA Ap. V, Rs. 34.4 y 44.1, tanto las costas como los honorarios de abogado se consideran gastos.

En virtud de la determinación de este Tribunal, y luego de evaluar los argumentos de las partes, el foro apelativo

intermedio emitió una *Resolución* en la que concluyó que no procedía conceder el pago de honorarios de abogado ni los gastos de mensajería. No obstante, declaró ha lugar el memorando de costas en cuanto al gasto de fotocopias.

Inconforme con la determinación del Tribunal de Apelaciones, la AAPP presentó el recurso de *certiorari* que nos ocupa, en el que formuló el error siguiente:

> Erró el Tribunal de Apelaciones al requerir una determinación de temeridad para el pago de honorarios de abogado conforme el [Art.] 20(f) de la Ley de APP.

Expedido el recurso y con el beneficio de la comparecencia de las partes, el caso quedó sometido en los méritos para su adjudicación. Así las cosas, nos encontramos en posición de resolver la controversia planteada.

## II

### A. La interpretación de las leyes

La jurisprudencia de este Tribunal que declara o interpreta la ley es necesaria para orientar a los juristas, jueces y a la ciudadanía. R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1987, Vol. I, pág. 199. Al ejercer nuestra función interpretativa como foro de última instancia, debemos resolver las controversias entre las partes y ser fuente gestadora de pautas legales que la norma estatutaria no ha esclarecido. Íd. Esto no es otra cosa que humanizar las normas legales abstractas para darle sentido práctico al aplicarlas a hechos y personas

particulares. Íd., pág. 202. De este modo, la interpretación que se haga de la ley debe ser lo suficientemente flexible para adaptarla a las circunstancias actuales y a las exigencias modernas. Íd.

Es un principio cardinal de hermenéutica que todas las leyes, sean claras u obscuras, requieren de la interpretación de este Tribunal. En el descargo de nuestra función revisora, tenemos el deber de evaluar cuál fue la verdadera intención de la Asamblea Legislativa al aprobar el estatuto, de modo que la misma se ajuste a la política pública que la inspiró. Morales *et als*. v. Marengo *et al.*, 181 DPR 852, 858 (2011). Los tribunales estamos llamados a llenar las lagunas o vacíos en la ley y armonizar los estatutos aplicables que estén en conflicto, a los fines de obtener un resultado sensato, lógico y razonable. Rosario Domínguez *et als*. v. ELA *et al.*, 198 DPR 197, 206 (2017).

No obstante, aun cuando tenemos la facultad para interpretar la ley en busca de un sentido armonioso, el lenguaje claro y explícito de ésta no debe ser tergiversado, malinterpretado ni sustituido. San Gerónimo Caribe Project v. Registradora, 189 DPR 849, 866 (2013). Por tal razón, sólo debemos suplir las deficiencias del estatuto cuando sea necesario, pues no podemos usurpar la función de legislar de la Asamblea Legislativa. Íd., pág. 867.

Es doctrina arraigada que cuando el lenguaje de una ley es claro, los tribunales venimos obligados a respetar la voluntad legislativa. Íd. Ahora bien, cuando de cualquier

modo exista ambigüedad en el texto del estatuto, debemos procurar que la misma se interprete de tal manera que no produzca un resultado absurdo o contrario a su razón de ser. Rosado Molina v. ELA, y otros, 195 DPR 581, 590 (2016).

En el proceso de descubrir la voluntad de la Asamblea Legislativa al adoptar un estatuto, podemos valernos de las siguientes fuentes: (1) el historial legislativo de la disposición objeto de controversia; (2) los datos recogidos en el informe de la comisión legislativa que estudió el proyecto de ley, y (3) las expresiones que se dieron en el hemiciclo durante la sesión de aprobación del estatuto, según recogidas en el Diario de Sesiones. Con. Tit. 76 Kings Court v. MAPFRE, 208 DPR 1018, 1028-1029 (2022); Consejo Titulares v. DACo, 181 DPR 945, 960-961 (2011).

Asimismo, resulta pertinente considerar la naturaleza del problema o la necesidad existente que se quiso atender mediante la legislación, pues en ocasiones su texto no revela su propósito. Con. Tit. 76 Kings Court v. MAPFRE, supra, pág. 1029; IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 739-740 (2012). De este modo, al interpretar el estatuto, resulta importante conocer el contexto histórico, cultural y social en el que se aprobó. Íd. A fin de cuentas, la razón y finalidad de la norma, es pues, el imperativo que determina su alcance. Bernier y Cuevas Segarra, op. cit., pág. 247.

**B.  La Ley de Alianzas Público-Privadas**

El 8 de junio de 2009, la Asamblea Legislativa aprobó la Ley de APP con el objetivo de favorecer y promover el establecimiento de las Alianzas Público-Privadas. Exposición de motivos de la Ley Núm. 29-2009 (2009 [Parte 1] Leyes de Puerto Rico 249-250). En esencia, el referido estatuto serviría a los fines de lidiar con la situación fiscal precaria del Gobierno de Puerto Rico, fortalecer su crédito, liberar la capacidad de financiamiento y asegurar la continuación del desarrollo de nuevos proyectos de interés público, tales como: la construcción de nuevas instalaciones, el mantenimiento de las existentes y la prestación de servicios esenciales eficientes y accesibles a toda la ciudadanía. PR Fast Ferries *et al*. v. AAPP, *supra*, págs. 336-337.

Para viabilizar el cumplimiento de la política pública esbozada en la Ley de APP, se creó la AAPP, corporación pública adscrita a la Autoridad de Asesoría Financiera y Agencia Fiscal de Puerto Rico. Art. 5(a) de la Ley de APP, 27 LPRA sec. 2604. A tales efectos, se le confirieron los poderes y derechos generales y específicos necesarios para el logro de sus objetivos. Arts. 5 y 6 de la Ley de APP, 27 LPRA secs. 2604 y 2605. Véase, además, PR Fast Ferries *et al*. v. AAPP, *supra*, pág. 337.

Cabe destacar que, al aprobar el mencionado estatuto, el legislador determinó la inaplicabilidad de varias leyes, entre las que se encuentra la Ley Núm. 38-2017, según

enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9601 *et seq.* Sobre este particular, la Ley de APP establece lo siguiente:

**Artículo 19. – Inaplicabilidad de [c]iertas [l]eyes.**

**(c)** *Exención de la LPAU.* – Se eximen todos los procedimientos y las actuaciones autorizadas por [la Ley de APP], incluyendo, pero sin limitarse a los procedimientos y las actuaciones sobre aprobación de reglamentos, determinación de proyectos para el establecimiento de Alianzas, selección de propuestas y adjudicaciones de [c]ontratos de [a]lianza, de todas las disposiciones de la LPAU. 27 LPRA sec. 2618.

Cónsono con lo anterior, el Art. 20 de la Ley de APP, 27 LPRA sec. 2619, contempla un procedimiento especial de revisión judicial que desplaza cualquier otro procedimiento o criterio jurisdiccional de competencia que de otra forma aplicaría en conformidad con otras leyes o reglamentos. Véase, además, PR Fast Ferries *et al.* v. AAPP, *supra*, pág. 339. Es decir, prescinde del cauce administrativo establecido en la LPAU, así como de otras disposiciones legales.

Ahora bien, de iniciarse un proceso de revisión judicial al amparo de la Ley de APP, la parte no prevaleciente sufragará **los gastos** incurridos por las demás partes involucradas en dicho procedimiento. En cuanto a este particular, el Art. 20(f) de la Ley de APP, *supra*, específicamente dispone lo siguiente:

**(f)** *Pago de [h]onorarios* – La parte no prevaleciente tras un procedimiento de revisión judicial bajo el [Art.] 20(b) **sufragará los gastos** en que hayan incurrido las demás partes

> involucradas en dicho procedimiento y las cantidades de estos gastos podrán deducirse, compensarse o retirarse de cualquier carta de crédito o fianza provista en relación al proceso de revisión judicial. (Énfasis nuestro).

En resumen, para que opere el pago de honorarios o gastos aludido, es necesario que se cumplan esencialmente dos (2) requisitos, a saber: (1) que se presente un recurso de revisión administrativa ante el Tribunal de Apelaciones o, en segunda instancia, un recurso de *certiorari* ante este Tribunal, según el trámite procesal delineado en la Ley de APP, y (2) que haya una parte no prevaleciente en el proceso de revisión judicial.

## III

Nos corresponde interpretar si, según el Art. 20(f) de la Ley de APP, *supra*, procede la imposición del pago de honorarios de abogado a la parte perdidosa en un proceso de revisión judicial sin que haya una determinación de temeridad. Asimismo, debemos determinar cuáles gastos deben ser satisfechos por la parte no prevaleciente.

En el caso de autos, la AAPP alega que el Tribunal de Apelaciones erró al denegar la partida de honorarios de abogado reclamada a la PRFF, entidad no prevaleciente en un proceso de impugnación de contrato de alianza público-privada. En específico, la parte peticionaria plantea que el foro apelativo intermedio, en contravención de los Arts. 19 y 20(f) de la Ley de APP, *supra*, y a lo resuelto en PR Fast Ferries *et al*. v. AAPP, *supra*, erró al requerir la

imposición de temeridad para la concesión de honorarios de abogado.

Por su parte, la PRFF expone que el Art. 20(f) de la Ley de APP, *supra*, no dispone expresamente para el pago de honorarios de abogado. La recurrida entiende que el artículo en controversia se refiere a los gastos (*fees*), no a los honorarios de abogado (*attorney's fees*). Asimismo, la PRFF alega que, si el legislador hubiese tenido la intención de conceder honorarios de abogado, lo hubiese dispuesto expresamente en el lenguaje utilizado en la Ley de APP. Resolvemos que le asiste la razón, por los fundamentos que se exponen a continuación.

La Exposición de Motivos de la Ley de APP reitera el fin que persiguió el legislador al aprobarla. En esencia, el estatuto especial respondió a la grave situación económica de Puerto Rico, lo que motivó el fortalecimiento de las Alianzas Público-Privadas para promover el desarrollo económico y la competitividad, asegurar la continuación de los proyectos de alto interés público, así como la prestación de servicios esenciales eficientes y accesibles para la ciudadanía. Es decir, las disposiciones de la Ley de APP se pensaron en el contexto de la crisis fiscal del Gobierno de Puerto Rico y las necesidades de la población.

Al hacer referencia al Art. 20(f) de la Ley de APP, *supra*, resulta incuestionable que éste fue titulado como "Pago de Honorarios". Sin embargo, al remitirnos al lenguaje utilizado por el legislador para la construcción

de la referida disposición, surge clara e inequívocamente que éste decidió mencionar solamente el concepto de "gastos", sin expresar su deseo de que la parte perdidosa, tras un proceso de revisión judicial al amparo de la Ley de APP, tuviera la responsabilidad de sufragar, además, honorarios de abogado.  Nos encontramos, pues, ante el axioma de que **"el nombre no hace la cosa"**. OCS v. CODEPOLA, 202 DPR 842, 880 (2019); Batista, Nobbe v. Jta. Directores, 185 DPR 206, 223 (2012); Borschow Hosp. v. Jta. de Planificación, 177 DPR 545, 567 (2009).  (Énfasis nuestro).

Tanto la Ley de APP como su Reglamento,[1] permanecen silentes en cuanto al significado del término "gastos".  Por esta razón, y dado a que no existe precedente que trate sobre el Art. 20(f) del referido estatuto, además de acudir a la intención legislativa, procedemos, a modo ilustrativo y por analogía, a realizar un análisis de la Regla 44 de Procedimiento Civil, 32 LPRA Ap. V, R. 44, así como de la jurisprudencia interpretativa esbozada por este Tribunal respecto al pago de "gastos".

Aclaramos que el legislador limitó expresamente la aplicación de ciertas leyes en la Ley de APP.  Sin embargo, nada dispuso sobre las Reglas de Procedimiento Civil, 32 LPRA Ap. V.  Así pues, no existe impedimento que nos prohíba auxiliar nuestro análisis con dicho cuerpo

---

**1**    Reglamento Núm. 8968 de 11 de mayo de 2017, conocido como *Reglamento para la licitación, evaluación, selección, negociación y adjudicación de contratos de alianzas público-privadas participativas bajo la Ley Núm. 29-2009, según enmendada* (Reglamento).

reglamentario, pues éste nos guiará en nuestro quehacer de alcanzar una interpretación integrada, lógica y razonable de la intención legislativa.[2]

Como regla general, en nuestro ordenamiento la concesión de honorarios de abogado a la parte que prevaleció en un litigio depende exclusivamente de la determinación que haga el juzgador en torno a si la parte perdidosa o su abogado, actuaron o no con temeridad. Corpak, Art Printing v. Ramallo Brothers, 125 DPR 724, 736 (1990). Esta norma encuentra su excepción y cede si una ley especial expresamente así lo dispone. Íd.

De esta manera, la imposición o concesión de honorarios de abogado no procede en todos los casos. Depende, pues, de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial. Íd.; Ortiz Valle v. Panadería Ricomini, 210 DPR 831 (2022). Véase, además, la Regla 44.1(d) de Procedimiento Civil, supra.

Hemos reiterado que los honorarios de abogado no forman parte de las costas como norma general. Sucn. Arroyo v. Municipio, 81 DPR 434, 438-439 (1959); García v. Sucn. Rodríguez, 61 DPR 612, 616 (1943). No obstante, una vez el

---

[2] Valga resaltar que, debido a que la Ley Núm. 29-2009, según enmendada, conocida como *Ley de Alianzas Público-Privadas* y su Reglamento guardan silencio en cuanto al término específico para la presentación del memorando de costas, la Autoridad de Alianzas Público-Privadas recurrió por analogía al término jurisprudencial de diez (10) días, según dispuesto en la Regla 44.1(b) y (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(b) y (c).

tribunal determina que se incurrió en temeridad, está obligado a imponer el pago de los honorarios de abogado a favor de la parte que prevaleció en el pleito. Torres Montalvo v. Gobernador ELA, 194 DPR 760, 779 (2016).

En cuanto a las costas, la Regla 44.1(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(a), dispone lo siguiente:

> **Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión**, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. **Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.** (Énfasis nuestro).

Cónsono con lo anterior, hemos resuelto que no todos los gastos del litigio son recobrables como costas. J.T.P. Dev. Corp. v. Majestic Realty Corp., 130 DPR 456, 460 (1992); Andino Nieves v. A.A.A., 123 DPR 712, 716 (1989); Garriga, Jr. v. Tribunal Superior, 88 DPR 245, 253 (1963). Sólo son recobrables aquellos gastos necesarios y razonables para la tramitación del pleito, procedimiento o apelación que un litigante debe reembolsar a otro. ELA v. El Ojo de Agua Development, 205 DPR 502, 527 (2020); Rodríguez Cancel v. A.E.E., 116 DPR 443, 461 (1985); Garriga, Jr. v. Tribunal Superior, *supra*, pág. 249.

A modo de ejemplo, **no son recobrables como costas los honorarios de abogado, salvo que una ley especial disponga para ello; los gastos ordinarios de oficina (tales como,** pero sin limitarse a sellos de correo postal, materiales de oficina, **servicios** telefónicos y **de mensajería sin**

**justificar su necesidad para el caso**, y compra de mobiliario); la transportación de los abogados durante una inspección ocular, las transcripciones de récords de vista cuando se soliciten por ser convenientes, pero no necesarias; los servicios paralegales, entre otros. Íd., pág. 248; Andino Nieves v. A.A.A., *supra*, págs. 718-719; Pereira v. I.B.E.C., 95 DPR 28, 78 (1967). Cabe señalar que **hemos reconocido como costas los gastos de fotocopias** del escrito de apelación y sus respectivos legajos, **siempre y cuando se incurran en el cumplimiento de los requisitos de presentación que impone el Tribunal de Apelaciones**. Sánchez v. Sylvania Lighting, 167 DPR 247, 254 (2006). No obstante, si el gasto de fotocopias surge como resultado del trámite ordinario de oficina, no es recobrable como costas.

Como bien plantea la PRFF, el uso del término "honorarios" en el título del Art. 20(f) de la Ley de APP, *supra*, no puede leerse aisladamente. Al examinar el texto del artículo de forma integral, nos hemos convencido, al igual que lo hizo el foro apelativo intermedio, de que la palabra "gastos", sin más, se refiere a las costas necesarias y razonables para la tramitación de un pleito o procedimiento, según se reconoce en nuestro ordenamiento.[3]

---

[3] En Vázquez v. Comisión Industrial, 55 DPR 719, 723-725 (1939), establecimos lo siguiente:

> No puede argüirse que la frase "gastos" (*expenses*) incluye "honorarios de abogado", pues tanto en la Ley Común que impera en los Estados Unidos como en nuestro Derecho, las palabras "costas" (*costs*), "gastos o desembolsos" (*expenses or disbursements*), y "honorarios de abogado" (*attorney's fees*), expresan tres conceptos distintos.

Por otro lado, si consideramos que la aprobación de la Ley de APP obedeció primordialmente a la crisis fiscal y económica del Gobierno, no resulta lógico ni persuasivo que la intención del legislador haya sido reconocer como gastos el pago de honorarios de abogado. Ello implicaría que, en caso de la AAPP no prevalecer en un proceso de revisión judicial, tenga que sufragar tanto las costas como los

---

En el caso de *Rivera v. Gerardino*, 53 D.P.R. 107, 112 [(1938)], se cita con aprobación de *Veve v. [El] Municipio de Fajardo*, 18 D.P.R. 764, 770 [(1912)]:

Los artículos 327 y 339 que dejamos transcritos hacen referencia a costas, desembolsos y honorarios de abogados y[,] por tanto, nosotros debemos aceptar esta misma distinción, sin que podamos comprender en el concepto de costas, desembolsos y honorarios.

........

Bajo el concepto de costas vienen comprendidos los derechos y las indemnizaciones que consistan en cantidades fijas e inalterables, determinadas anticipadamente por las leyes, reglamentos o aranceles, entendiéndose por desembolsos los demás gastos del juicio, o sean las indemnizaciones y derechos, que no estén comprendidos en el concepto expresado. Bajo la denominación de honorarios de abogado viene comprendida la remuneración de sus servicios profesionales.

En los casos de *Swartzel v. Rogers,* 3 Kan. 380, 382, y *Ball v. Vason*, 50 Ga. 254, se sostiene que la frase "costs and expenses" no incluye honorarios de abogado.

En el mismo caso de *Rivera v. Gerardino*, supra, se cita de Corpus Juris:

Las costas son cierta concesión autorizada por el estatuto para reembolsar a la parte victoriosa los gastos incurridos en la prosecu[c]ión o defensa de un recurso o procedimiento especial.

........

Las palabras 'honorarios' y 'costas' son usadas con frecuencia indistintamente como si tuvieran el mismo significado. No obstante costas y honorarios son esencialmente distintos. Las primeras son una concesión hecha a una de las partes por los gastos incurridos en la prosecución o defensa de un litigio -un incidente de la sentencia; mientras que los últimos son una compensación a los funcionarios públicos por los servicios prestados a individuos, en el desarrollo de la causa. (15 Corpus Juris, págs. 19 y 20.)

A nuestro juicio, la Comisión Industrial, de acuerdo con los artículos 11, 15 y 35 de la Ley de Compensaciones por Accidentes del Trabajo, carece de jurisdicción para condenar al patrono no asegurado a pagar los honorarios del abogado del obrero lesionado o sus beneficiarios.

honorarios de abogado de las demás partes involucradas en el pleito. Abona a la interpretación que adoptamos, el silencio que guardó el legislador al respecto y su deseo de propiciar mayor participación ciudadana y de empresas locales para el establecimiento de alianzas público-privadas.

En consideración a lo expresado, resolvemos que el término "gastos" según utilizado por el legislador en el Art. 20(f) de la Ley de APP, *supra*, se refiere a las costas o gastos razonables y necesarios para la tramitación de un caso, según la normativa establecida por este Tribunal. Esto, sin duda alguna, no contempla la concesión de honorarios de abogado.

Ciertamente, el Tribunal de Apelaciones actuó de manera correcta al proveer no ha lugar a la concesión de los honorarios de abogado reclamados por la AAPP, y al utilizar por analogía la norma establecida en nuestro ordenamiento sobre la imposición de honorarios de abogado cuando una parte incurra en temeridad o una ley especial lo establezca expresamente. Asimismo, determinamos que el foro apelativo intermedio actuó acertadamente al: (1) conceder la partida de gastos por fotocopias, y (2) denegar los gastos reclamados por mensajería.

Resolver lo contrario implicaría la imposición de una sanción a una parte que ha litigado un asunto de forma genuina y de buena fe. Especialmente, ante el silencio del

legislador de imponerle honorarios de abogado a la parte perdidosa.

**IV**

Por los fundamentos antes expresados, se confirma la *Resolución* emitida por el Tribunal de Apelaciones el 12 de octubre de 2022, en la que se declaró ha lugar el *Memorando de costas* presentado por la AAPP en cuanto al gasto de fotocopias y no ha lugar en cuanto al gasto de mensajería y honorarios de abogado.

Se dictará Sentencia en conformidad.


                              ROBERTO FELIBERTI CINTRÓN
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Puerto Rico Fast Ferries, LLC<br><br>     Recurrido<br><br>       v.<br><br>Autoridad de Alianzas Público-Privadas<br><br>     Peticionaria<br><br>Autoridad de Transporte Marítimo<br><br>     Recurrida<br><br>HMS Ferries, Inc.; HMSI Ferries Puerto Rico, LLC<br><br>     Recurridos | CC-2022-764 | *Certiorari* |

**SENTENCIA**

En San Juan, Puerto Rico a 3 de octubre de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se confirma la *Resolución* emitida por el Tribunal de Apelaciones el 12 de octubre de 2022, en la que se declaró ha lugar el *Memorando de costas* presentado por la Autoridad de Alianzas Público-Privadas en cuanto al gasto de fotocopias y no ha lugar en cuanto al gasto de mensajería y honorarios de abogado.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no interviene.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo