| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
|---|---|---|
| CHEMEX CORPORATION<br><br>Peticionaria<br><br>V.<br><br>ALLIANZ GLOBAL CORPORATE & SPECIALTY (AGCS) MARINE INSURANCE COMPANY<br><br>Recurrida | KLCE202400974 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2019CV03281<br><br>Sobre:<br><br>Incumplimiento Contractual, Daños Contractuales, Incumplimiento Aseguradores Reclamaciones Irma/María |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece ante nos Chemex Corporation (Chemex o peticionaria) y solicita que revoquemos la *Resolución* emitida el 20 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI o foro primario).[1] En esta, el TPI declaró Ha Lugar un *Memorando de Costas* que presentó la parte prevaleciente, Allianz Global Corporate & Specialty Marine Insurance Company (AGCS o recurrida).

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari, modificamos* la *Resolución* recurrida y así modificada*, confirmamos*.

---

[1] Notificada el 21 de agosto de 2024.

-I-

La controversia ante nuestra consideración tiene sus origen en una Demanda presentada el 19 de septiembre de 2019 por Chemex contra AGCS sobre alegado incumplimiento con los términos contractuales de una Póliza de Seguros y por los daños que dicho incumplimiento ocasionó.[2] El 9 de agosto de 2020, la peticionaria presentó Demanda Enmendada.[3] AGCS contestó la demanda y en síntesis, alegó que no incumplió con el Código de Seguros de Puerto Rico y que las alegaciones de Chemex no cumplían con el estándar de plausibilidad. Adujo que la peticionaria estaba impedida de reclamar daños próximos por dolo, mala fe y/o prácticas desleales en la medida que incumplió con las disposiciones del Código de Seguro de Puerto Rico. Arguyó la recurrida que la Demanda Enmendada es frívola ya que Chemex incurrió en temeridad y que los daños reclamados son inexistentes, exagerados y/o autoinfligidos.

Tras varios trámites procesales, AGCS presentó una *Moción Solicitando Sentencia Sumaria* el 28 de abril de 2023.[4] El 19 de mayo de 2023, Chemex presentó su *Oposición a Moción Solicitando Sentencia Sumaria.*[5] El 29 de agosto de 2023, notificada el 30 de agosto de 2023, el TPI emitió una Sentencia en la cual declaró Ha Lugar la solicitud de sentencia sumaria de AGCS.[6] En consecuencia, declaró No Ha Lugar la Demanda Enmendada de Chemex.

Así las cosas, el 6 de septiembre de 2023, AGCS presentó un *Memorando de Costas* al amparo de la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1. En el memorando se detallaron los gastos necesarios y razonables en los que dicha parte

---

[2] Véase apéndice de la peticionaria, págs. 1-8.
[3] Véase apéndice de la peticionaria, págs. 9-14
[4] Véase apéndice de la peticionaria, págs. 35-80.
[5] Véase apéndice de la peticionaria, págs. 81-160.
[6] Véase apéndice de la peticionaria, págs. 161-183.

incurrió para la tramitación de la demanda de epígrafe.[7] A saber, AGCS reclamó las siguientes sumas de dinero:

**GASTOS Y/O DESEMBOLSOS**

| | | |
|---|---|---|
| a. | Derechos arancelarios: | $90.00 |
| b. | Servicios de investigación en línea / WestLaw: | $419.66 |
| c. | Servicios de traducción de documentos: | $539.00 |
| d. | Taquígrafo y transcripción de deposición tomada al Sr. Eduardo Pérez Puig: | $816.92 |
| e. | Taquígrafo y transcripción de deposición tomada a la Sra. Nicole Simet: | $494.00 |
| f. | Taquígrafo y transcripción de deposición tomada a la Sra. María Nadal: | $316.57 |
| g. | Fotocopias: | $443.05 |
| **TOTAL** | | **$3,119.20** |

Sobre la partida por servicios de traducción de documentos, AGCS adujo que la fiscalización del litigio se llevó a cabo por personal de la recurrida localizado en los Estados Unidos de América. Específicamente, desde las oficinas localizadas en los estados de Illinois y Colorado. De manera que, le resultó necesario traducir varios documentos al idioma inglés como parte de la tramitación del presente litigio. Junto al memorando, AGCS incluyó una Declaración Jurada del Sr. Héctor R. Candelaria Pérez, Gerente de Contabilidad en EDGE Legal, LLC, representantes legales de la recurrida.[8] En esta, el Sr. Héctor R. Candelaria Pérez juró que a su mejor saber y entender las partidas de gastos antes mencionadas son correctas.

El 14 de septiembre de 2023, Chemex presentó una *Moción de Reconsideración*[9] la cual fue declarada No Ha Lugar el 15 de setiembre de 2023.[10] Por otro lado, Chemex presentó su *Oposición a Memorando de Costas* el mismo 14 de septiembre de 2023.[11] En síntesis, objetó todos los gastos porque la recurrida no incluyó

---

[7] Véase apéndice de la peticionaria, págs. 184-185.
[8] Véase apéndice de la peticionaria, pág. 186.
[9] Véase apéndice de la peticionaria, págs. 187-205.
[10] Véase apéndice de la peticionaria, págs. 212-213.
[11] Véase apéndice de la peticionaria, págs. 206-211.

ninguna factura o recibo ni evidencia de pago de los gastos reclamados.

Específicamente, Chemex objetó las tres partidas correspondientes a los taquígrafos y transcripciones el Sr. Eduardo Pérez Puig, la Sra. Nicole Simet y la Sra. María Nadal. Arguyó la peticionaria que AGCS no justificó la necesidad de transcribir en su totalidad las deposiciones para sostener su solicitud de sentencia sumaria. De igual forma, Chemex adujo que tampoco procedía la concesión de los gastos relacionados a fotocopias, utilización de WestLaw ni traducciones porque, además de no ser gastos necesarios y razonables, estos son gastos de oficina generales que no son recobrables como costas.

El 4 de octubre de 2023, AGCS presentó su *Réplica a Oposición a Memorando de Costas*.[12] Sobre los gastos relacionados a la transcripciones y deposiciones, AGCS expuso que los tres deponentes desempañaban roles esenciales en el caso de epígrafe y que son fundamentales para las alegaciones de Chemex. Además, AGCS alegó que la propia peticionaria anunció al Sr. Eduardo Pérez Puig, la Sra. Nicole Simet y la Sra. María Nadal como testigos. De manera que, la recurrida consideró necesario deponer a estos tres testigos para poder formular una defensa adecuada a las acusaciones en su contra. Sobre la transcripción total de las deposiciones, AGCS adujo que el servicio de taquigrafía en todos los casos transcribe las deposiciones en su totalidad y que es deber del abogado determinar qué porciones son necesarias para la tramitación de su caso.

AGCS también sostuvo que los gastos relacionados a la traducción de documentos no es un gasto de oficina, sino que ello constituyó un gasto necesario. La recurrida reiteró la explicación

---

[12] Véase apéndice de la peticionaria, págs. 214-218.

contenida en su *Memorando de Costas* y añadió que se limitó a traducir documentos de alta importancia como, por ejemplo, la Demanda. De igual forma, AGCS sostuvo que los gastos relacionados a las fotocopias y a la plataforma de WestLaw eran necesarios. Sobre el primero, la recurrida aseguró que las fotocopias corresponden al expediente judicial del caso lo cual, a su parecer, resulta esencial para la adecuada organización y gestión del litigio. Sobre el segundo, AGCS sostuvo que la utilización de la plataforma WestLaw fue esencial para la disposición del presente caso a través de una moción de sentencia sumaria. Aclaró la recurrida que esta partida no corresponde a los honorarios de la representación legal por la cantidad de tiempo invertido en la investigación. Aseguró que solo se incluyeron los cargos que WestLaw cobra simplemente por el uso de plataforma. AGCS adjuntó a su *Réplica* las facturas correspondientes a los gastos solicitados, aun cuando alegó que la normativa aplicable no requiere la presentación de facturas para sostener el reclamo de los gastos.[13]

Mientras las partes disputaban el *Memorando de Costas*, Chemex presentó ante este foro un recurso de apelación referente a la *Sentencia* que puso fin a su causa de acción, el 13 de octubre de 2023.[14] En cumplimiento con la Regla 14(B) del reglamento del tribunal de Apelaciones, 4 LPRA Ap. XXII-B, notificó al foro primario sobre la apelación mediante *Moción Informativa* del 13 de octubre de 2023. Ante este cuadro, el TPI emitió una Orden el 6 de febrero de 2024 donde dispuso que el memorando de Costas se atendería cuando culminaran los remedios apelativos y recibiera el mandato correspondiente.[15]

---

[13] Véase apéndice de la peticionaria, págs. 219-223.
[14] Véase apéndice de la peticionaria, págs. 224-225.
[15] Véase apéndice de la peticionaria, pág. 226.

El 30 de noviembre de 202, esta Curia emitió una *Sentencia*, KLAN202300913, en la cual confirmó la *Sentencia* apelada. Inconforme con nuestro dictamen, Chemex acudió al Tribunal Supremo mediante *Petición de Certiorari*. El 1 de marzo de 2024, el Tribunal Supremo emitió una *Resolución* en la cual declaró No Ha Lugar el recurso presentado.[16]

Así las cosas, continuaron los procesos en el TPI relacionados al *Memorando de Costas*. El 23 de julio de 2024, AGCS presentó una *Moción Reiterando Memorando de Costas*.[17] El 20 de julio de 2024, el TPI emitió una *Orden* donde le requirió a Chemex presentar su posición en un término de 10 días.[18] El 9 de agosto de 2024,la peticionaria presentó su *Moción en Cumplimiento de Orden* y reiteró su posición sobre el *Memorando de Costas*.[19] Arguyó Chemex que AGCS presentó argumentos y documentos fuera del término jurisdiccional que provee la Regla 44.1(b) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1(b). Por lo que, la peticionaria le solicitó al TPI que ordenara el desglose de la *Réplica a Oposición a Memorando de Costas* presentada por AGCS. El 12 de agosto de 2024, el TPI emitió una *Orden* en la cual le concedió un término de 5 días a la recurrida para que pusiera en posición al foro primario en relación al cumplimiento con las disposiciones de la Regla 44.1, *supra*.[20] El 19 de agosto de 2024, compareció AGCS mediante *Moción en Cumplimiento de Orden* y en síntesis, arguyó que en el Memorando de Costas se incluyeron todas las partidas de gastos y desembolsos necesarios para la tramitación del pleito.[21] Así las cosas, el asunto quedó sometido para la consideración del TPI.

---

[16] Véase apéndice de la peticionaria, pág. 261.
[17] Véase apéndice de la peticionaria, págs. 262-263.
[18] Véase apéndice de la peticionaria, pág. 264.
[19] Véase apéndice de la peticionaria, págs. 265-272.
[20] Véase apéndice de la peticionaria, pág. 273.
[21] Véase apéndice de la peticionaria, págs. 274-277.

Finalmente, el 20 de agosto de 2024, el TPI emitió una *Resolución* mediante la cual autorizó el Memorando de Costas y le impuso a Chemex el pago de las cantidades reclamadas en un término de 20 días.[22]

Inconforme, la peticionaria acude ante nos y alega que el foro primario incidió de las siguientes maneras:

(1) Erró el Tribunal de Primera Instancia al autorizar el *Memorándum de Costas* presentado por AGCS y ordenar el pago de todos los gastos solicitados, cuando no todos los gastos del litigio son recobrables como costas y la normativa sobre costas exige una interpretación restrictiva.

(2) Erró el Tribunal de Primera Instancia al conceder como costas gastos ordinarios de las oficinas de abogado, en particular, gastos de fotocopias, traducciones y servicios de investigación en línea *WestLaw*, que a su vez también son excesivos e irrazonables.

(3) Erró el Tribunal de Primera Instancia al conceder como costas todos los gastos relativos a deposiciones, sin haberse justificado su necesidad para que sostener la solicitud para la disposición sumaria del litigio ni la razonabilidad de las cuantías reclamadas.

APS compareció mediante escrito en oposición. Contando con la comparecencia de ambas partes, procedemos a resolver la controversia ante nuestra consideración.

-II-

A.

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente

---

[22] Véase apéndice de la peticionaria, págs. 278-279.

su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*.

B.

La Regla 44.1 de Procedimiento Civil, *supra*, versa sobre lo concerniente a la concesión de costas y honorarios de abogado. La referida regla dispone lo siguiente:

Regla 44.1. Las costas y los honorarios de abogados

(a) *Su concesión.* Las costas se concederán a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

(b) *Cómo se concederán.* La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito o procedimiento. [...]

(c) *En etapa apelativa.* La parte a cuyo favor un tribunal apelativo dicte sentencia presentará en la sala del Tribunal de Primera Instancia que decidió el caso inicialmente y notificará a la parte contraria, dentro del término jurisdiccional de diez (10) días contados a partir de la devolución del mandato y conforme a los criterios establecidos en el inciso (b) anterior, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos para la tramitación del recurso ante el Tribunal de Apelaciones y en el Tribunal Supremo, según corresponda. [...]

Cuando se revoque la sentencia del Tribunal de Primera Instancia la parte a cuyo favor se dicte la sentencia, presentará un memorándum de costas de conformidad con el procedimiento y el término establecido en este inciso e incluirá los gastos y desembolsos incurridos tanto en el Tribunal de Primera Instancia como en el Tribunal de Apelaciones y en el Tribunal Supremo.

Es meritorio resaltar que, respecto a las costas, los términos que establece esta regla son jurisdiccionales, por lo que el plazo de diez (10) días, tanto para presentar el memorando de costas como para oponerse al mismo, es improrrogable. El cumplimiento tardío al presentar el memorando priva al tribunal de autoridad para considerar y aprobar las costas reclamadas. *Rosario Domínguez v. E.L.A.*, 198 DPR 197 (2017); *Pereira v. IBEC*, 95 DPR 28 (1967); J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2nd ed., Publicaciones JTS, 2011, T. IV, págs. 1270 y 1297.

La concesión de costas tiene una función reparadora, ya que *permite el reembolso de los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito. Rosario Domínguez v. ELA, supra*, pág. 211; *Maderas Tratadas v. Sun Alliance et al.*, 185 DPR 880, 934 (2012); *Auto Servi, Inc. v. E.L.A.*, 142 DPR 321, 327 (1997). De esta forma, su derecho no queda "menguado por los gastos que tuvo que incurrir sin su culpa y por culpa del adversario". *Maderas Tratadas v. Sun Alliance et al., supra*, pág. 934; *J.T.P. Dev.*

*Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992); *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 253 (1963).

De igual modo, esta norma procesal tiene dos propósitos: restituir lo que una parte perdió por hacer valer su derecho al ser obligada a litigar; y "penalizar la litigación inmeritoria, temeraria, o viciosa [...]". *Rosario Domínguez v. ELA*, *supra*, pág. 212; *Auto Servi, Inc. v. E.L.A.*, *supra*, pág. 327 (1997); *Garriga, Jr. v. Tribunal Superior*, *supra*, pág. 253. Una vez se reclaman, la imposición de costas a favor de la parte victoriosa es mandatoria. *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 934; *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, *supra*. No obstante, la imposición de costas a la parte perdidosa no opera automáticamente, dado que **la parte prevaleciente tiene que presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos**, a tenor con la Regla 44.1 (b) de Procedimiento Civil, *supra*, R. 44.1 (b). *Íd.* Además, el tribunal tiene discreción amplia para evaluar la razonabilidad de los gastos detallados. *Semidey et al. v. Fcia. Belmonte et al.*, 211 DPR 222 (2023); *Maderas Tratadas v. Sun Alliance et al.*, *supra*, pág. 935.

Las costas que contempla la Regla 44.1, *supra*, son gastos: 1) *necesarios*; 2) *incurridos*; y 3) *razonables*. Su razonabilidad se entenderá dentro de la realidad económica de Puerto Rico y, en cuanto a los gastos personales, además, se tendrá en cuenta la condición económica de las personas concernidas (testigos y litigantes). A su vez, no todos los gastos son recobrables, dado que sólo se recobran aquellos gastos necesarios y razonables para tramitar el pleito, más no así los gastos innecesarios, superfluos o extravagantes. *Semidey et al. v. Fcia. Belmonte et al.*, *supra*; *PR Fast Ferries et al. v. AAPP*, 2023 TSPR 121, 213 DPR __ (2023). No son recobrables como costas los honorarios de abogados, salvo una ley especial así lo disponga, *ni los gastos ordinarios de oficina* como los

sellos postales, materiales de oficina, servicios telefónicos y de mensajería, las transcripciones de récords de las vistas cuando se soliciten por conveniencia, entre otros. *Id.*

El tribunal sentenciador deberá ejercer con moderación su discreción al conceder las costas, examinando cuidadosamente el memorando de costas, particularmente cuando las mismas sean objeto de impugnación. *Pereira v. I.B.E.C., supra*, pág. 79. Además, no son recobrables como costas los honorarios de abogados, salvo una ley especial así lo disponga, ni los gastos ordinarios de oficina como los sellos postales, materiales de oficina, servicios telefónicos y de mensajería, las transcripciones de récords de las vistas cuando se soliciten por conveniencia, entre otros. *Íd.*

-III-

A continuación, discutiremos en conjunto los señalamientos de error por estar íntimamente relacionados. Los tres señalamientos de error versan en torno a la Regla 44.1 de Procedimiento Civil, *supra*, sobre el memorando de costas y gastos en favor de la parte prevaleciente. Chemex planteó que el TPI erró al imponerle el pago de gastos que no son recobrables como costas por ser gastos ordinarios de oficina e innecesarios. Tras un análisis minucioso de los autos, resolvemos que el TPI cometió el primer y segundo señalamiento error. Por otro lado, resolvemos que el tercer señalamiento de error no se cometió. En vista de esto, modificamos las partidas concedidas.

Como señaláramos anteriormente, una vez se reclaman las costas, su imposición a favor de la parte victoriosa es mandatoria. *Maderas Tratadas v. Sun Alliance et al., supra.* Ahora bien, también señalamos que no todas las costas son recobrables porque sólo se recobran aquellos gastos necesarios y razonables para tramitar el pleito, más no así los gastos innecesarios, superfluos o extravagantes. *Semidey et al. v. Fcia. Belmonte et al., supra.* Entre los gastos que no

son recobrables, se encuentran, además, aquellos que correspondan a los gastos ordinarios de oficina.

En el caso ante nuestra consideración, AGCS solicitó el pago de varios gastos que suman un total de $3,119.20. Entre estos, se encuentran las siguientes partidas: $419.66 correspondientes a servicios de investigación en línea/WestLaw, $539.00 correspondientes a servicios de traducción de documentos y $443.00 correspondientes a fotocopias. Juntas, estas partidas suman un total de $1,401.71. Somos del criterio que estas partidas corresponden a los gastos ordinarios de la oficina y no pueden ser recobrados como costas. Por ello, eliminamos estas sumas.

De otra parte, consideramos que las demás partidas contenidas en el *Memorando de Costas* sí son recobrables como costas. Evidentemente, la transcripción de aquellas personas que han sido depuestas como parte del procedimiento de descubrimiento de prueba, constituye una herramienta indispensable para todo representante legal a la hora de prepararse adecuadamente para un caso. Por lo tanto, determinamos que el TPI no erró al autorizar el cobro de estas partidas. De esta forma, modificamos las cuantías recobrables para que sean de la siguiente manera:

**GASTOS Y/O DESEMBOLSOS**

a. Derechos arancelarios:                                  $90.00
b. Taquígrafo y transcripción de deposición
   tomada al Sr. Eduardo Pérez Puig:           $816.92
c. Taquígrafo y transcripción de deposición
   tomada a la Sra. Nicole Simet:                  $494.00
d. Taquígrafo y transcripción de deposición
   tomada a la Sra. María Nadal:                   $316.57
**TOTAL                                          $1,717.49**

-IV-

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari, modificamos* las partidas concedidas mediante la *Resolución* recurrida y así modificada, *confirmamos.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones